Chancellor Rutledge
delivered the decree of the court,
In this case there is no direct positive charge of fraud on the part of the defendant Duncan; and if there was, there is not a tittle of it proved. The only grounds then on which the assignment of complainants could possibly be set aside, would be, 1st, ignorance in complainants of their rights:, or 2d- concealment of circumstances relating thereto, in the knowledge of defendant Duncan, whereby they were induced to make the contract which they would not have done had those circumstances been disclosed tq them; or 3d, gross inadequacy of price in the purchase.
*638 With respect to the first ground, it is pretty evident that complainants were by no means ignorant of their rights, because as early as 1784, they sent over a power of attorney to gentlemen of respectability in this city, to prose- . , , . . , , ' cute their rights. Another reason why it is presumable that complainants were not ignorant of their rights, is that Mr. Gregorie, their attorney, was particularly informed of the situation of .Rantole’s estate, by Mr.-so early as 1796, and he certainly could not have been so inattentive to the rights of his constituents as to suffer five years to elapse after he obtained that knowledge without communicating the information to them : and the deed of assignment in 1801, is a further proof that complainants were not ignorant of their rights, for it begins with reciting, that Rantolc died possessed of a considerable real and personal estate, and had devised the greater part thereof to them. The ground of ignorance therefore fails altogether.
On the ground of concealment, the defendant Duncan in his answer swears that he was unacquainted with the value of the estate. That he had heard it was considerable, but did not know the amount of its value; and he positively swears that he was not informed by his co-de-iendant, Nicholson, that 6000/. or any other amount, had been paid to Petrie and wife by the representative of Wilkinson, on account of Rantole’s estate; and through the whole of his answer he swears positively he had very little information on the subject, nor did he know whéther Rantolc made a will or not. That he did not apply to complainants to make the bargain which was concluded between them. His meeting with some of the complainants was accidental and not sought by him. That Cunningham introduced the subject of his, and the other complainants, being entitled to a considerable estate from Rantolc ; he relates the coversation; the circumstance of Petrie wasting the funds, and their subsequent agreement and assignment of their claim. The subject of the compromise offered by Mrs. Petrie, it is evident he could know nothing of, being then in Scotland, and the as *639 signment to him had been made two nn nths previous thereto. Defendant Nicholson is not at all implicated in Duncan’s transaction with complainants. In his answer, however, among other matters, he denies that the sole purpose which induced him to examine the papers in the register’s office, was to ad\ anee the speculation of Duncan, or that he communicated or gave any information to him of what passed between Mr. Gregorio and him, until long after the execution of complainant’s assignment. To the defendant Duncan’s answer, the court must give credit, as it stands uncontradicted. From that, it appears manifestly there was no concealment of circumstances on the part of Duncan, which could induce the complainants to make the bargain they did ; the assignment therefore cannot he set aside on the ground of concealment.
The only one that remains is, the gross inadequacy of price. On that point, it seems to be generally agreed that mere inadequacy of price, is no ground for the court to set. aside, ait agreement though executory, if it appears to have been fairly entered into and understood, (and nothing appears to the contrary in this case) and still less is it to be considered as a ground for rescinding an agreement actually executed, which this was.. And for as much as the exorbitancy of price has not been held sufficient to discharge a defendant from the performance of his contract, by the same parity of reasoning complainants shall not be relieved if they have disposed of their property for less than the value. In the present case, the parties are all adults. They knew as much of their rights as defendant Duncan, (if his answer is to be credited, which the court cannot but believe;) andas they recite in the deed of assignment, that they had not heard for many years from their attorneys, it seemed to them a kind of forlorn hope, and that it was better to get something than to remain longer in a state of suspense, for Mr. Rantole had been dead twenty years, therefore they disposed of their claim. And although it may be in fact a hard bargain, yet if persons will enter into them with their eyes open, unless fraud can be shewn, this court *640 will not relieve. This was undoubtedly a speculation on the part of Duncan, which might or might not turn out to g<>od acc°unt; but as on the one hand, if it had proved á bad one, he could haw no return of the money he had paid? so on other band, if it should ultimately prove advantageous, he ought not to be deprived of it. If this court was obliged to hear and determine on all the speculations made in the community, there would be no end to its session. The court therefore, upon the whole of this case, are of opinion, that on the ground of actual fraud, Duncan is perfectly clear; that complainants were as fully informed of their rights, at the time of the asignment, as Duncan, if his anstver is tobe credited, and which has not been disproved : also, that he does not appear to have concealed from complainants, any circumstance respecting their .lights, therefore that the contract was fair : and that being the case, the mere inadequacy of price is not sufficient to set aside the assignment, which the complainants did not attempt to impeach for upwards of four years. Tlv. hill must therefore be dismissed with costs.
Mr. Simons for complainants.
Mr. Drayton for defendants.